IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| ZIMMERMAN AG & CATTLE COMPANY, LLC, and RANDY NUNN, | CV 18-5-BLG-TJC |
| Plaintiffs, | ORDER |
| vs. |  |
| NAU COUNTRY INSURANCE COMPANY, |  |
| Defendant. |  |

## I.    Introduction

Before the Court is Plaintiffs' motion requesting monetary sanctions against the Defendant NAU Country Insurance Company (NCIC) in relation to a settlement conference convened by the undersigned on July 16, 2019. Because the motion is utterly baseless, it is denied. In fact, the motion reflects a lack of civility on the part of Plaintiffs' counsel based upon a complete misunderstanding of the underlying facts and law, as well as what can only be presumed is a lack of experience in federal court.

## II.    Discussion

By order entered June 12, 2019, the parties were directed to attend a

settlement conference in Missoula, Montana at 9:00 a.m. on July 16, 2019. Consistent with the standard practice of the undersigned, the order required the in person presence of counsel of record and a representative of Defendant NCIC who possessed complete authority to resolve the underlying dispute.

The Plaintiffs and their counsel appeared in person. In support of the motion for sanctions Defense counsel W. Scott Green precipitously states: "The Defendants (*sic*) were not present in person. It is unknown whether or not Defendant was allowed to appear and attend by telephone or video conference." (Doc. 43 at 2). Based upon this statement, Plaintiffs ask the Court to award monetary sanctions in the amount of $8,366.59. The problem for Plaintiffs lies in the fact that Mr. Green's statement is not only inaccurate but completely unfounded.

NCIC's lead counsel, Steven Pattee, and its general counsel intended to be at the settlement conference in person. But their evening flight on July 15, 2019, was cancelled rendering them unable to attend in person. Advised of the situation, the undersigned allowed the two individuals to appear by video conference. Additionally, counsel of record Mr. Paul Collins and another NCIC representative were present in person with settlement authority. And NCIC did participate in good faith negotiation.

A request for sanctions is a serious matter for all involved. The foundation for a motion for sanctions must be solid. And not, as here, based upon shoddy assumptions. Therefore, for the reasons stated, Plaintiffs' motion for sanctions is denied.

IT IS SO ORDERED.

DATED this 1st day of August, 2019.

Jeremiah C. Lynch
United States Magistrate Judge